IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLENE LOUISE TOMEL, #A4017655, | ) ) ) | CIV. NO. 12-00047 LEK/BMK |
| Plaintiff, | ) ) | DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915 |
| vs. | ) ) | |
| STATE OF HAWAII, et al., | ) ) | |
| Defendants. | ) ) ) | |

## DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915

Before the court is Plaintiff Darlene Louise Tomel's prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Women's Community Correctional Center ("WCCC") and is proceeding *pro se* and *in forma pauperis*. Plaintff names eighteen defendants, alleging that they violated various constitutional rights over the past several years. Plaintiff's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff is granted leave to amend, as discussed and limited below.

## I. BACKGROUND

The Complaint is disjointed, rambling, and difficult to comprehend. Tomel names numerous public and private individuals and entities in her caption and within the complaint as defendants, including: (1) the State of Hawaii; (2) Hawaii Community Correctional Center ("HCCC"); (3) HCCC adult correctional officer ("ACO") John Waikiki; (4) the HCCC Business

office, (5) HCCC physician Glen Morrison, M.D.; (6) WCCC; (7)
WCCC ACO Taka, (8) WCCC bookkeeper Tracie Iwamoto Dias; (9) Maui
County probation officer Katherine Patricio; (10) Maui County
Deputy Prosecutor Timothy Tate; (11) Maui County Deputy
Prosecutor Kevin Jenkins; (12) the Honorable Shackley Raffetto,
Chief Judge of the Second Circuit Court, State of Hawaii; (13)
Hawaiian Hotels and Resorts CEO Glen Hogan; (14) Royal Lahaina
Resort employee Yvette Wirngartaer; (15) Royal Lahaina Resort
employee Frank Arnise Jr.; (16) Andres Alcain (Arnise's uncle);
(17) the Kona Police Department; (18) the Bank of Hawaii and/or
an unnamed teller (collectively "Defendants").

Plaintiff generally alleges that, over an unspecified
period, Defendants violated largely unspecified rights under the
First, Fourth, Fifth, and Eighth Amendments to the United States
Constitution.  Plaintiff alleges seventeen causes of action, many
of which she has brought in earlier suits against many of these
same defendants, as discussed below.  Plaintiff says that
Defendants' actions have caused her humiliation, mental abuse,
loss of reputation, and financial loss, and seeks $50 million in
damages.

## II. <u>LEGAL STANDARD</u>

The court must screen all civil actions brought by
prisoners that relate to prison conditions and/or seek redress
from a governmental entity, officer, or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  Leave to amend should be granted unless it appears that amendment is futile.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

3

### III.   <u>DISCUSSION</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.   **The Complaint Fails to Comply With The Federal Rules Of Civil Procedure**

#### 1.   *Rule 8*

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984). "All that is required [by Fed. R. Civ. P. 8(a)] is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (*quoting Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991)).

In addition, a complaint with the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be

dismissed for failure to satisfy Rule 8(a).  *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry*, 84 F.3d 1172.

Plaintiff's claims are rambling, difficult to decipher, repetitive, and fail to plainly and succinctly show that Defendants have violated her constitutional rights, and that she is entitled to relief.  Plaintiff fails to specify the dates when any her claims allegedly took place, where these violations allegedly occurred, how those defendants who are not state employees were acting under color of state law, or how any Defendant violated the Constitution, law or treaties of the United States.  Further, Plaintiff repeats her claims against each Defendant over and over, providing the same details and conclusions in numerous counts.  In short, Plaintiff's Complaint fails to allege sufficient factual detail to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombley, 550 U.S. 544*, 570 (2007).  As written, it is impossible to determine who did what to Plaintiff, when her claims accrued, what her specific claims against each individual Defendant entails, how certain defendants were acting under color of state law, and how her constitutional rights were violated. Plaintiff's Complaint fails to state a claim for relief and is DISMISSED with leave granted to amend.

//

### 2. *Rules 18 and 20*

More importantly, the Complaint includes numerous unrelated claims against wholly-unrelated defendants, based upon various separate factual scenarios, that apparently occurred at different times and places.  The Federal Rules of Civil Procedure set forth the rules regarding joinder of parties or claims.  "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a); *see also*, *Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir. 1993) ("A claim based on different rights and established by different transactional facts will be a different cause of action.").  "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Additionally, a claim may be brought against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.

6

Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).

Plaintiff's claims do not conform with Rules 18 and 20, and cannot proceed in a single action. The court carefully informed Plaintiff of the pleading requirements of Rule 18 in her earlier action, *Tomel v. State*, Civ. No. 09-00195 HG.[1]  *See id.*, ECF #21 at 6-7. Plaintiff understood the court's directions, because she amended her complaint in that action, and brought her unrelated claims against unrelated defendants in three separate suits.[2]

Plaintiff's Complaint is DISMISSED for failure to state a claim under Rule 8 and for failure to comply with Rules 18 and 20 of the Federal Rules of Civil Procedure. This dismissal is without prejudice and with leave granted to amend so that Plaintiff may decide which of her claims she wishes to proceed on in this action, and which she will raise in other actions, as

---

[1] This court may take judicial of its own records and prior orders or decisions, but not the truth of the facts cited therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001).

[2] Plaintiff states that she has only brought one prior suit while a prisoner.  *See* ECF #1, Compl. at 10.  This is incorrect. Plaintiff has instituted three prior suits in this court: *Tomel v. State*, 1:09-cv-00195 HG (voluntarily dismissed 06/24/10); *Tomel v. Ross*, 1:09-cv-00489 SOM (dismissed for failure to state a claim 11/16/09); *Tomel v. Jenkins*, 1:09-cv-00490 JMS (dismissed for failure to state a claim 11/20/09).

discussed below.  That is, if Plaintiff chooses to file an amended complaint, she must allege related facts against related Defendants.  Separate unrelated allegations against wholly-unrelated Defendants must be submitted in separate complaints.  For example, Plaintiff's claims challenging the conditions of confinement when she was confined at HCCC are unrelated to her claims challenging her conditions of confinement now at WCCC.  Similarly, Plaintiff's allegations concerning alleged violations that occurred on Maui are unrelated to her claims involving incidents at WCCC or HCCC.  These claims belong in separate complaints, each subject to separate filing fees and screening requirements.

**B.    Statute of Limitation**

As noted above, Plaintiff has brought three previous actions in this court: 1:09-cv-00195 HG, filed May 1, 2009, 1:09-cv-00489 SOM, filed November 16, 2009, and 1:09-cv-00490 JMS, filed October 9, 2009.  In Civ. No. 1:09-cv-00195, the court screened Plaintiff's complaint and instructed her to separate the numerous unrelated claims raised therein, into at least three separate actions.  *See id.*, ECF #21, "Dismissal Order."  Plaintiff was told she may amend the complaint in 1:09-cv-00195, and commence at least two other actions, if she intended to proceed with all of her claims that were not otherwise dismissed.  *Id.*  Plaintiff did so.

In these three actions, Plaintiff raised many of the same claims against many of the same Defendants that she asserts here. For example, in 1:09-cv-00195, Plaintiff alleged that the Hawaii County Police Department, including the Kona Police Department, failed to assist her when she was allegedly robbed and raped, that HCCC Business Office clerk "Jackie" mishandled her prisoner account, and that ACO John Waikiki destroyed her religious materials and harassed her, all claims that she raises in the present Complaint. *See* 1:09-cv-00195, ECF #1, Compl., and ECF #24, First Amended Compl.

In Civ. No. 1:09-cv-00490, Plaintiff's claims centered on her 2004 criminal charges in Maui,[3] alleging that Defendant Kevin Jenkins maliciously prosecuted her, and Royal Lahaina Resorts Defendants Glenn Hogan and Yvonne Kitagawa refused to help with her defense, and stole her property at the Royal Lahaina Hawaii Resort. *See id.*, ECF #1, Compl. She asserts these same claims in the present action. Finally, Plaintiff's claims in Civ. No. 1:09-cv-00489, generally revolved around her

---

[3] On September 13, 2004, after Plaintiff pleaded no contest to two counts of theft in the second degree, one count of theft in the third degree, negotiating a worthless instrument, and credit card fraud in state Criminal No. 2PC04-1-000087. *See* Hawai'i State Judiciary's Public Access to Court Information, at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/. Plaintiff's probation was revoked on August 4, 2011. Plaintiff's motion for reconsideration and reduction of sentence is pending. *Id.*

2005 criminal prosecution on the Big Island of Hawaii.[4]
Plaintiff also alludes to her Hawaii prosecution herein.

The statute of limitation applicable to § 1983 actions
in Hawaii is Haw. Rev. Stat. § 657-7, the two-year "general
personal injury" provision. *See Pele Defense Fund v. Paty*, 73
Haw 578, 597-98, 837 P.2d 1247, 1260 (1992); *see also Wilson v.
Garcia*, 471 U.S. 261, 276 (1985) (holding that § 1983 plaintiffs
must satisfy the forum state's statute of limitation for
personal-injury torts). Federal law determines when a cause of
action under  § 1983 accrues and the statute of limitations
begins to run. *Elliott v. City of Union City*, 25 F.3d 800, 802
(9th Cir. 1994). Under federal law, a cause of action generally
accrues when the plaintiff knows or has reason to know of the
injury that forms the basis of his or her action. *Two Rivers v.
Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). The district court may
*sua sponte* raise the issue of statute of limitation and dismiss
the complaint as long as the defendant has not waived the issue.
*See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87
(9th Cir. 1993).

Because Plaintiff alleged remarkably similar claims

---

[4] Plaintiff was indicted for theft in the first degree in
the Circuit Court of the Third Circuit, on March 15, 2006. *See*
http://hoohiki1.courts.state.hi.us/jud/Hoohiki/. Plaintiff
pleaded no contest in 2009, and was given probation. Her
probation was revoked on April 11, 2011, and she was sentenced to
ten years incarceration. Plaintiff has moved for a reduction in
sentence.

against most of the Defendants named in this case in her three earlier, and long-dismissed cases, it appears that most, if not all, of Plaintiff's claims in this action accrued no later than May 1, 2009, the date that she filed 1:09-cv-00195.  If true, these claims are likely time-barred.  The court cannot ascertain whether any of her claims are time-barred, however, because Plaintiff provides no dates alleging when any of her present claims occurred.  Plaintiff is NOTIFIED that the court is considering dismissing many of her claims as time-barred.  If Plaintiff files an amended complaint, she must specifically allege the dates on which each of her separate causes of action occurred, and, if these claims accrued prior to December 31, 2009, two years before she signed the present Complaint, she must explain how the statute of limitation is tolled for her claims.

C.   **Immunities**

   1.   *The State of Hawaii is Dismissed; Defendants Waikiki, Morrison, Taka, Dias, Patricio, Tate, Jenkins, and Raffetto are Dismissed in Their Official Capacities*

      Plaintiff names the State of Hawaii and all Defendants in their official capacities.  In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under § 1983.  491 U.S. at 664-66; *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).  Further, the Eleventh Amendment

11

prohibits federal jurisdiction over suits against the state or a state agency unless the state or agency consents to the suit. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53 (1996); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). State officers acting in their official capacities receive the same immunity as the government agency that employs them. *Hafer v. Melo*, 502 U.S. 21 (1991).

Thus, the Eleventh Amendment bars Plaintiff's claims against the State of Hawaii and bars her claims for damages against all Defendants who are alleged to be state officers acting in their official capacities.

The State of Hawaii is DISMISSED. Claims for damages against Defendants Waikiki, Morrison, Taka, Dias, Patricio, Tate, Jenkins, and Raffetto are DISMISSED with prejudice. "Official capacity" claims against defendants who are not properly alleged to be state actors, who are discussed below, are frivolous.

## 2.   *Judicial Immunity: Judge Raffetto*

Plaintiff alleges that Judge Raffetto presided over her initial arraignment on Maui, and her probation revocation proceedings on August 5, 2011. She claims that Judge Raffetto withheld evidence and refused to allow her to call certain witnesses at her revocation proceeding. *See* ECF #1, Compl. at 19, 22, 24, 25, 26.

Judges are absolutely immune from liability for damages based on acts performed in their official capacities. *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (*en banc*). Judicial immunity applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Id.* at 1074 (citing *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quotations omitted)). Judicial immunity is not affected "by the motives with which their judicial acts are performed." *Ashelman*, 793 F.2d at 1077.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotations omitted). The Ninth Circuit broadly construes the scope of judicial immunity, which applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy. *Ashelman*, 793 F.2d at 1078.

Absolute immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (discussing federal judges' immunities). Moreover, in 1996 Congress amended 42 U.S.C. § 1983 to prohibit the grant of injunctive relief against *any* judicial officer,

13

state or federal, acting in his or her official capacity "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity is not absolute; there is no immunity if a judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. *Ashelman*, 793 F.2d at 1075. An act is judicial in nature if it is a function normally performed by a judge. *Id.* To determine whether an act is judicial or non-judicial, the Ninth Circuit asks whether:

> (1) the act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004).

Judge Raffetto was acting within his normal, official judicial capacity and function when he refused to allow Plaintiff to call witnesses or present certain evidence during her parole revocation hearing. Because Plaintiff's allegations challenge core judicial functions, such as evidentiary rulings in proceedings, her claims against Judge Raffetto are barred by the doctrine of judicial immunity and are DISMISSED with prejudice.

### 3. *Prosecutorial Immunity: Jenkins and Tate*

Plaintiff states that Jenkins was the prosecutor during her Maui criminal conviction and Tate was the prosecutor during

14

her recent revocation hearing.  Plaintiff's claims against them are vague, rambling and dispersed throughout seven separate counts within the Complaint.  *See* ECF #1, Compl. at 13, 19, 22, 23, 24, 25, 26.  Essentially, Plaintiff claims that Jenkins and Tate made unidentified false claims about her, withheld unidentified evidence in her case that may have been exculpatory or mitigating, have a "personal vendetta" against her, committed perjury, and made "remarks not true of [her] character."  *See generally, id.*

Absolute prosecutorial immunity immunizes a prosecutor from damages liability pursuant to § 1983 for actions taken in his or her role as a prosecutor.  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Prosecutorial immunity is based on "the nature of the function performed, not the identity of the actor who performed it."  *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (internal quotation marks and citation omitted).  "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for State, are entitled to the protections of absolute immunity."  *Id.* (internal quotation marks and citations omitted).  On the other hand, "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer," the prosecutor is entitled to only qualified immunity.  *See Buckley v. Fitzsimmons*, 509 U.S. 259,

15

273 (1993).

Jenkins and Tate's actions, remarks, alleged bias and perjury, are alleged to have occurred during or in preparation for Plaintiff's 2004 trial (Jenkins), or during her 2011 revocation proceedings (Tate), and are protected by absolute prosecutorial immunity.  Moreover, as noted *supra*, her claims against them are simply conclusory allegations unsupported by fact.  These types of claims should not be disregarded because they are "unrealistic or nonsensical," but because they are simply legal conclusions, even if they "are cast in the form of a factual allegation."  *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (stating that) (citing *Iqbal*, 129 S. Ct. at 1951).  Plaintiff's claims against Jenkins and Tate are DISMISSED with leave to amend if possible.

**D.    Younger v. Harris and Heck v. Humphrey**

Plaintiff alleges due process violations that allegedly occurred during her probation revocation proceedings.  *See generally,* ECF #1, Compl. (alleging claims against Raffetto, Tate, and Patricio for presenting or allowing allegedly false testimony).  Because Plaintiff is challenging her sentences in both of her criminal cases, on Maui and in Hawaii County, as seen on the state court's criminal database, any claims she may be asserting regarding either of those convictions and sentences are barred by the doctrines set forth in *Younger v. Harris*, 401 U.S.

37 (1971) or *Heck v. Humphrey*, 512 U.S. 477 (1994).

The *Younger* abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). *Younger* abstention continues to apply after conviction, while a case works its way through the state appellate process. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989).

If *Younger* abstention applies, the court must determine whether a stay or dismissal of the claims is appropriate. A district court must dismiss claims for injunctive or declaratory relief, and stay claims for monetary damages. *Juidice v. Vail*, 430 U.S. 327, 348 (1977); *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973); *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988). Plaintiff does not seek injunctive relief.

Even if *Younger* abstention does not apply, Plaintiff's claims are barred by the doctrine set forth in *Heck v. Humphrey*. "[T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's
issuance of a writ of habeas corpus[.]"  *Id.* 512 U.S. at 486-87.

Any determination that Patricio's testimony at
Plaintiff's revocation hearing was false, or that Plaintiff was
otherwise denied due process at her revocation proceedings on
Maui or Hawaii, would call into question Plaintiff's continuing
incarceration.  Neither of Plaintiff's sentences have been
reversed, expunged, declared invalid, or otherwise set aside.
Rather, Plaintiff's attorneys are challenging her sentences.
Because Plaintiff is granted leave to amend, and in light of the
sparse and confusing facts alleged in the Complaint regarding the
probation revocation proceedings, this court cannot determine
whether a stay or dismissal of Plaintiff's claims is appropriate.
Plaintiff is notified that if she files an amended complaint, or
new complaints, that includes claims regarding active state
criminal proceedings, these claims are subject to *Younger*
abstention and a possible *Heck* bar, and may be dismissed or
stayed pending termination of the ongoing state criminal and
post-conviction proceedings.

**E.   Specific Dismissal of Plaintiff's Claims**

Although the Complaint is dismissed in its entirety,
the court further addresses several of Plaintiff's claims on
their merits, to clarify which are dismissed with leave to amend,
and may be realleged, albeit in separate complaints, and which

18

claims are dismissed with prejudice because amendment to them is futile.

### 1.    *Hogan, Wirngartaer, Arnise, Alcain, and Bank of Hawaii*

Plaintiff states that Defendants Hogan, Wirngartaer, and Arnise work for Hawaiian Hotels and Resorts and Alcain is Arnise's nephew.  She also names an unknown Bank of Hawaii teller.  Plaintiff says Arnise and Alcain raped, robbed, and spread lies about her.  ECF #1, Compl. at 20.  She asserts that Hogan and Wirngartaer failed to protect her from Arnise and Alcain, interfered with her business, spread lies about her to her clients, and withheld evidence and information in her criminal prosecution.  *Id.* at 23, 26.  Plaintiff claims that the Bank of Hawaii teller released her confidential financial information to "Preston-Beachwood, who was a part of my case." *Id.* at 28.  These Defendants are private individuals or entities; Plaintiff does not allege that they are state employees or that they acted in concert with state employees.

Private parties may be sued under § 1983 only if their conduct is "fairly attributable to the State" and there was an agreement between the state and the private party to deprive a plaintiff's constitutional rights.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-37 (1982); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citations omitted).  Thus, a plaintiff must allege sufficient facts to show that the private person conspired with or wilfully participated

in a joint action with state officials to deprive the plaintiff of his or her constitutional rights. *Degrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)); *Taylor*, 880 F.2d at 1048.

A conspiracy claim under § 1983 must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate a plaintiff's constitutional rights. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). Pleading a conspiracy requires more than a conclusory allegation that defendants conspired to deprive a plaintiff of his or her civil rights.[5] *See Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 679 n.6 (9th Cir. 2001)(holding that plaintiff must allege facts which are "specific and concrete enough to enable the defendants to prepare a response, and where appropriate, a motion for summary judgment based on qualified immunity.").

First, Plaintiff does not allege facts showing that these Defendants acted under color of state law. The Complaint contains no allegations of a conspiracy between any of these Defendants that can be imputed to any of the other state actors she names. There are no facts tending to show that they acted in

---

[5] Although the Ninth Circuit eliminated a heightened pleading standard to all cases where an improper motive is an element, it did not modify the requirement in regard to allegations of conspiracy. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

concert with any state actor to deprive Plaintiff of a constitutionally protected right. Plaintiff fails to state a claim against them under § 1983. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003); *see also Price v. Hawaii*, 939 F.2d 702, 709 (9th Cir. 1991) (finding that the dismissal of the private appellees was proper "since there was no sufficient pleading that the private appellees were acting under color of state law").

Second, even accepting that these Defendants acted under color of state law, their conduct, as alleged in the Complaint, is insufficient to state a constitutional violation under § 1983. Defendants Hogan, Wirngartaer, Arnise, Alcain, and Bank of Hawaii (and its unnamed teller), are DISMISSED without prejudice.

### 2. *Claims Against HCCC, WCCC are Dismissed*

Plaintiff names HCCC, the HCCC Business Office, and WCCC as Defendants. A prison or correctional facility is not a person withing the meaning of § 1983. *See, e.g., Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *Greene v. Alameda County Jail*, No. C 08-3986, 2008 WL 4225449, at *2 (N.D. Cal. Sept. 15, 2008) (jail is not a "sueable" entity); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991). WCCC, HCCC, and HCCC's Business Office are not a "persons" amenable to suit under § 1983, and claims against them are DISMISSED with prejudice.

### 3. Kona Police Department

Plaintiff alleges that the Kona Police Department failed to "follow up" on the robbery and rape that she alleges Defendants Arnise and Alcain, and possibly others, committed, and generally failed to arrest or help prosecute those she believes robbed and/or raped her. *See e.g.*, ECF #1, Compl. at 14, 16, 21.

Plaintiff lacks standing to assert this claim. In order to have standing to sue in federal court, Article III of the United States Constitution requires that a complainant have suffered an injury in fact, defined as the invasion of a concrete, imminent, and legally cognizable interest. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 573 n.8 (1992) (individual can enforce procedural rights only if "the procedures in question are designed to protect some threatened concrete interest of his that is the ultimate basis of his standing"). A legally cognizable interest is an interest recognized at common law or specifically recognized as such by the Congress. *See id.* at 578 (noting that the Congress may "elevat[e] to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law").

Simply put, Plaintiff, as a private party, lacks a judicially cognizable interest in the prosecution or nonprosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (interest in prosecution of another does not support standing); *Lujan*, 504 U.S. at 574-78 (generalized

grievance about proper application of laws does not support standing).  Plaintiff fails to state a claim because criminal statutes do not provide a private right of action.  *See Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (district court properly dismissed claims brought under the California Penal Code because the statutes do not create enforceable individual rights).  Plaintiff's claims against the Kona Police Department are DISMISSED.  Because amendment to this claim is futile, this dismissal is with prejudice.

### 3.   HCCC ACO Waikiki

Plaintiff alleges that ACO Waikiki verbally harassed her and sixteen other inmates and disposed of her Bible, rosary, prayer cards, personal photographs, and mail.  As discussed above, it appears this claim against ACO Waikiki is time-barred because she raised it in 1:09-cv-00195, and alleged it happened before May 1, 2009.  Moreover, to the extent that Plaintiff alleges that ACO Waikiki destroyed her personal, non-religious property, she fails to state a claim.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994).  When the deprivation of property occurs through "the random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable,' since the state cannot know when such deprivations will occur." *Hudson*, 468 U.S. at 533.  Further, because Hawaii law provides that public employees are liable for torts in the same manner and to

23

the same extent as a private individual under like circumstances, Haw. Rev. Stat. § 662-2, Plaintiff has an adequate post-deprivation remedy for the alleged loss of her property.

Similarly, insofar as Plaintiff claims that ACO Waikiki verbally abused her, she fails to state a claim.  *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("[V]erbal harassment or abuse . . . [alone] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (citation and internal quotation omitted); *see also Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (a deprivation of "peace of mind" does not support a constitutional claim).  "A mere threat may not state a cause of action" under the Eighth Amendment, even if it is a threat against exercising the right of access to the courts. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (*per curiam*).

To the extent that Plaintiff claims that ACO Waikiki violated her right to freely practice her religion under the First Amendment, and her claims are not time-barred, these claims may proceed.

### 4.   *Dr. Morrison*

Plaintiff alleges Dr. Morrison discriminated against her, as a veteran, when he allegedly commented that "'Veterans' are just on Welfare, taxpayers money, they don't deserve medical care and we should go get a job and pay our own medical."  ECF #1, Compl. at 13.  This discrimination claim is the quintessential "unadorned, the-defendant-unlawfully-harmed-me

24

accusation[,]" that the Supreme Court held insufficient to state a claim.  See *Iqbal*, 129 S. Ct. at 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  This claim is DISMISSED without prejudice.

Plaintiff further alleges that Dr. Morrison "refused to provide proper medical care" to her when he would not send her to an outside medical provider for x-rays after a slip-and-fall accident at HCCC.[6]  *Id.*, 13, 16.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Deliberate indifference involves an objective and a subjective prong: (1) the alleged deprivation must be objectively "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); and (2) the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Id.* at 837.  A prison official is not deliberately indifferent unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

---

[6] Plaintiff alleged these same claims in 1:09-00195, regarding the denial of x-rays and outside medical care after her alleged slip-and-fall accidents at HCCC, however she named a Dr. Jameson as defendant.

A prisoner's civil rights are not abridged, unless "the indifference to his medical needs [is] substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

If Dr. Morrison denied Plaintiff necessary x-rays or medical care, Plaintiff states a claim against him and this claim may go forward.  If, however, Plaintiff acknowledges that she received treatment from Dr. Morrison but disagrees with his medical decision to forgo x-rays or care by outside providers, as

it appears, she has not stated a claim for deliberate indifference to her serious medical needs.  Based on Plaintiff's recitation of facts here, the court cannot determine what Plaintiff's claims are against Dr. Morrison, and she has failed to state a claim against him.  If she decides to amend her Complaint, and separates her unrelated claims into separate, new complaints, Plaintiff must clarify her claims against Dr. Morrison.

### 5.   WCCC ACO Taka

Plaintiff claims that ACO Taka "did not protect me against [an] inmate who threatened me with bodily harm."  ECF #1, Compl. at 14, 21, 22.  Plaintiff complains that ACO Taka failed to remove her from harm.  Plaintiff, however, contradicts herself by admitting that she is in protective custody.  *Id.* at 21. These facts are insufficient to conclude that Taka violated Plaintiff's constitutional rights.  While prison officials must protect inmates from assaults by other inmates, Plaintiff's conclusory allegations are little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory allegations," that are insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949.  Claims against Taka are DISMISSED with leave to amend.

### 6.   Tracie Iwamoto Dias

Plaintiff alleges that Dias mishandled money deposited in her WCCC prison trust account.  *See* ECF #1, Compl. at 15-18.

Plaintiff also complains that Dias has deducted funds from her prison trust account to pay for Plaintiff's past filing fee balance to the court for her previous actions.  The court construes this as an attempt to allege a due process claim.

First, to the extent that Plaintiff complains that Dias is taking her funds to reimburse her court funds, she fails to state a claim.  Dias's withdrawals are authorized by statute, *see* 28 U.S.C. § 1915 (a-b), and Plaintiff authorized these deductions when she sought *in forma pauperis* status in 1:09-cv-00195. Further, Plaintiff's concerns that she has been overcharged are misplaced.  To date, Plaintiff has paid only $266.85 in 1:09-cv-00195, towards her civil filing fee of $350, and her appellate filing fee of $455.  Plaintiff has paid nothing for her other two actions, or as yet, for this action.  *See* 1:09-cv-00195, ECF #71.

Second, as noted above, neither the negligent nor intentional deprivation of property states a due process claim under § 1983, however, if the deprivation was random and unauthorized.  *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (finding no claim under § 1983 where state employee negligently lost prisoner's property), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson*, 468 at 533 (finding no claim under § 1983 for intentional destruction of prisoner's property).  Because the state expressly waives its immunity for its employees' torts, *see* Haw. Rev. Stat. § 662-2 § 662-2, Hawaii law provides Plaintiff an adequate

28

post-deprivation remedy.

Insofar as Plaintiff alleges that Dias has taken funds from her prison trust account, and that allegation is unclear, she alleges an essentially random and unauthorized deprivations of her personal property, and does not state a claim for the violation of a federal constitutional right.  Plaintiff's claims against Dias are DISMISSED with leave to amend.

### IV.   <u>LEAVE TO AMEND</u>

Plaintiff's Complaint is DISMISSED.  Plaintiff may file a proposed amended complaint and any additional separately-filed complaints on or before **March 1, 2012** curing the specific deficiencies noted above.  The proposed amended complaint and new complaints, if any, must allege related facts, concerning related transactions and occurrences, against related Defendants that cures the deficiencies noted in this order.  Separate unrelated allegations against wholly-unrelated Defendants must be submitted in separate complaints, each subject to separate filing fees, docket numbers, and screening requirements.

In the amended or new complaints, Plaintiff must write *short, plain statements* explaining: (1) the constitutional right allegedly violated; (2) the name of the defendant who allegedly violated that right; (3) facts connecting defendant's action or inaction to the alleged violation of Plaintiff's constitutional right; and (4) what specific injury Plaintiff suffered because of that defendant's conduct.  *Rizzo v. Goode*, 423 U.S. 362, 371-72

(1976).  Plaintiff must repeat this process for each person she names as a defendant.

Any amended complaint must clearly designate that it is the "First Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety on court-approved forms and may not incorporate any part of the original Complaint by reference.  *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).  Any cause of action that was raised in the original complaint is waived if it is not raised in an amended complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  If Plaintiff submits any new complaints, they must designate that they are "Original" complaints, and should not refer to the docket number assigned to this action.

### V.  28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint, or new complaints, correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility,
> brought an action or appeal in a court of the
> United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, unless
> the prisoner is under imminent danger of serious
> physical injury.

30

28 U.S.C. § 1915(g).

## VI.   CONCLUSION

1.   The Complaint is DISMISSED in its entirety for failure to state a claim under Fed. R. Civ. P. 8 and for failure to comply with Fed. R. Civ. P. 18 and 20.

2.   Claims against: (1) the State of Hawaii; (2) all Defendants in their official capacities for damages; (3) the Hawaii Community Correctional Center and its Business Office; (4) the Women's Community Correctional Center; and (5) the Kona Police Department are DISMISSED WITH PREJUDICE.

3.   Claims against: (1) HCCC ACO John Waikiki; (2) Dr. Glen Morrison; (3) WCCC ACO Taka; (4) WCCC clerk Tracie Iwamoto Dias; (5) Probation Officer Katherine Patricio; (6) Glen Hogan; (7) Yvette Wirngartaer; (8) Frank Arnise Jr.; (9) Andres Alcain; and (10) the Bank of Hawaii and its unnamed teller are DISMISSED WITHOUT PREJUDICE and with leave granted to amend or to refiling in an amended complaint or a new complaint.

4.   Plaintiff is granted leave to file an amended complaint and/or new complaints on or before **March 1, 2012**, in compliance with this Order.  If Plaintiff fails to do so, this action shall be AUTOMATICALLY DISMISSED, without further notice and the Clerk SHALL enter judgment stating that the dismissal was made pursuant to 28 U.S.C. § 1915.

7.   The Clerk of Court is DIRECTED to forward a copy of the court's approved prisoner civil rights complaint and

instructions to Plaintiff so that she may comply with this Order.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, January 31, 2012.



_/S/ Leslie E. Kobayashi_____
Leslie E. Kobayashi
United States District Judge

_Tomel v. State of Hawaii, et al._, Civ No. 12-00047 LEK/BMK; DISMISSAL ORDER PURSUANT
TO 28 U.S.C. § 1915; psas/Screening/dmp 2012/Tomel 12-47 (r8, 18, 20, ftsc)