IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLENE LOUISE TOMEL, #A4017655, | ) ) ) | CIV. NO. 12-00047 LEK/BMK |
| Plaintiff, | ) ) | DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915 |
| vs. | ) ) | |
| STATE OF HAWAII, et al., | ) ) | |
| Defendants. | ) ) ) | |

**DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915**

On January 31, 2012, the court dismissed Plaintiff's original complaint in this prisoner civil rights action brought pursuant to 42 U.S.C. § 1983.[1] ECF #8, "January 31, 2012 Dismissal Order." The court notified Plaintiff that her Complaint failed to state a claim and she was given leave to amend to cure its deficiencies. Before the court is Plaintiff's first amended complaint ("FAC").[2] Plaintiff has voluntarily dismissed six of the original eighteen defendants and added further details, such as the dates on which her claims alleged occurred. Plaintiff, however, has still failed to heed the court's directions in the January 31, 2012 Dismissal Order. For

---

[1] Plaintiff is incarcerated at the Women's Community Correctional Center ("WCCC") and is proceeding *pro se* and *in forma pauperis*.

[2] After filing the FAC, Plaintiff filed a supplement to the FAC, realleging claims against Defendant John Waikiki, that she had omitted from the FAC. The court considers the supplement as part of the FAC and discusses it herein.

the following reasons, Plaintiff's FAC is dismissed for failure
to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).  Plaintiff
is once again granted leave to amend, as discussed and limited
below.

## I. <u>BACKGROUND</u>

Plaintiff names twelve individuals as defendants,
including: (1) Hawaii Community Correctional Center ("HCCC")
physician Glen Morrison, M.D.; (2) WCCC bookkeeper Tracie Iwamoto
Dias; (3) Hawaiian Hotels and Resorts CEO Glen Hogan; (4) Royal
Lahaina Resort employee Yvette Wirngerter; (5) Royal Lahaina
Resort employee Frank Arnise Jr.;  (6) Andres Alcain (Arnise's
uncle); (7) the Bank of Hawaii; (8) WCCC ACO Taka; (9) Deputy
Prosecutor Timothy Tate; (10) probation officer Katherine
Patricio; (11) Deputy Prosecutor Kevin Jenkins; and (12) HCCC ACO
John Waikiki (collectively "Defendants").

Plaintiff generally alleges that, since approximately
2002, Defendants violated largely unspecified rights under the
First, Fourth, Fifth, and Eighth Amendments to the United States
Constitution.  Plaintiff alleges seventeen causes of action, most
that were brought in earlier suits against these same defendants.
Plaintiff seeks $50,000 in damages.

## II. <u>LEGAL STANDARD</u>

The court must screen all civil actions brought by
prisoners that relate to prison conditions and/or seek redress

2

from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional

claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. <u>DISCUSSION</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**A. The FAC Fails to Comply With Rule 8 of the Federal Rules Of Civil Procedure**

Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984). "All that is required [by Fed. R. Civ. P. 8(a)] is that the complaint gives

4

'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (*quoting Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991)).

In addition, a complaint with the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry*, 84 F.3d 1172.

The FAC fails to plainly and succinctly show that Defendants violated Plaintiff's constitutional rights, or that she is entitled to relief. Although Plaintiff now takes pains to specify many of the dates that her claims allegedly took place and where these violations allegedly occurred, it is clear that most of her claims relate to events that occurred years ago. Plaintiff still fails to explain how Defendants Hogan, Wirngerter, Arnise, Alcain, and Bank of Hawaii acted under color of state law, or how any Defendant violated the Constitution, law or treaties of the United States.

As in the original Complaint, the FAC repeats Plaintiff's claims against Defendants several times, relating the same details and conclusions, but fails to explain how Defendants allegedly violated the Constitution or laws of the United States.

In short, Plaintiff's Complaint fails to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombley, 550 U.S. 544*, 570 (2007). As written, it is impossible to determine how Defendants violated Plaintiff's rights, when her claims accrued and why the statute of limitation should be told for most of her claims, what her specific constitutional claims against each individual Defendant entails, how certain defendants were acting under color of state law, and why many of her claims are not time-barred or alleged against defendants who are entitled to immunity. Plaintiff's Complaint fails to state a claim for relief and is DISMISSED with leave granted to amend.

## B. The FAC Fails to Comply With Rules 18 and 20

The FAC again asserts unrelated claims against wholly-unrelated defendants, based on separate factual scenarios, that clearly occurred at vastly different times and places. The court notified Plaintiff that, although she may join as many claims as she has against an opposing party, *see* Fed. R. Civ. P. 18(a), she may not join unrelated claims against unrelated defendants. *See Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir. 1993); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff was told that she may assert claims against multiple defendants only if her claims arise out of the same transaction or occurrence, or series of transactions and occurrences, and there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2);

*Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).

Plaintiff's claims in the FAC do not conform with Rules 18 and 20, and cannot proceed in a single action. The FAC still alleges claims against private individuals for actions that apparently occurred in or about 2002, against the deputy prosecutor at her criminal proceeding in 2004, an HCCC ACO who allegedly violated her rights when she in 2006-2009, the deputy prosecutor at her revocation hearing in 2011, her probation officer, and against WCCC prison officials who are allegedly violating various rights concerning the conditions of confinement. Most of these claims and defendants are completely unrelated. Plaintiff's FAC is DISMISSED for failure to state a claim under Rule 8 and for failure to comply with Rules 18 and 20 of the Federal Rules of Civil Procedure, with leave granted to amend.

## C. Claims Against Hogan, Wirngerter, Arnise, Alcain, Bank of Hawaii, Waikiki, and Jenkins Are Dismissed

### 1. Statute of Limitation

As detailed in the January 31, 2012 Dismissal Order, Plaintiff has brought three previous actions in this court: 1:09-cv-00195 HG, filed May 1, 2009, 1:09-cv-00489 SOM, filed November 16, 2009, and 1:09-cv-00490 JMS, filed October 9, 2009.

Plaintiff raised many of the same claims in her previous cases against many of the same Defendants as she asserts here, in particular, against Waikiki, Jenkins, Hogan, and Wirngerter. The court notified Plaintiff that, consequently, many of her claims appear time-barred. *See* ECF #8, Dismissal Order at 8-11.

The statute of limitation applicable to § 1983 actions in Hawaii is Haw. Rev. Stat. § 657-7, the two-year "general personal injury" provision. *See Pele Defense Fund v. Paty*, 73 Haw 578, 597-98, 837 P.2d 1247, 1260 (1992); *see also Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (holding that § 1983 plaintiffs must satisfy the forum state's statute of limitation for personal-injury torts). Federal law determines when a cause of action under § 1983 accrues and the statute of limitations begins to run. *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). Under federal law, a cause of action generally accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his or her action. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). The district court may *sua sponte* raise the issue of statute of limitation and dismiss the complaint as long as the defendant has not waived the issue. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993).

The FAC alleges that Plaintiff's claims against Defendants Hogan, Wirngerter, Arnise, Alcain, Bank of Hawaii, and

Jenkins accrued between 2002 and 2009. *See* FAC, ECF #11 at 12-14, 16, 19-25. Moreover, Plaintiff raised the same claims against these Defendants and Defendant Waikiki in her 2009 civil suits referenced above. The court notified Plaintiff that it was considering dismissing her claims against these Defendants as time-barred, and told her that she must specifically allege the dates on which her claims against them occurred, and, if these claims accrued prior to December 31, 2009, two years before she signed the present Complaint, she must explain how the statute of limitation is tolled for her claims. The FAC and her prior cases make clear that Plaintiff's claims against Defendants Hogan, Wirngerter, Arnise, Alcain, Bank of Hawaii, Waikiki, and Jenkins accrued no later than May 1, 2009, the date that she filed 1:09-cv-00195, and first alleged her claims against them. Plaintiff fails to explain why the statute of limitation should be tolled, apparently because these claims are, in fact, time-barred. As such, Plaintiff's claims against Defendants Hogan, Wirngerter, Arnise, Alcain, Bank of Hawaii, Waikiki, and Jenkins accrued no later than December 31, 2009, and are DISMISSED with prejudice as time-barred.

**2.  *No Color of State Law: Hogan, Wirngerter, Arnise, Alcain, and Bank of Hawaii***

In addition to being time-barred, Plaintiff fails to show how Defendants Hogan, Wingerter, Arnise, Alcain, and Bank of Hawaii were acting under color of state law when they allegedly

violated her constitutional rights. Hogan, Wirngerter, and Arnise allegedly work or worked for Hawaiian Hotels and Resorts and Alcain is Arnise's uncle. Plaintiff says Arnise and Alcain raped, robbed, and spread lies about her. ECF #11, FAC at 12-14, 19-21, 23. She asserts that Hogan and Wirngartaer failed to protect her from Arnise and Alcain, interfered with her business, spread lies about her to her clients, and withheld evidence and information in her criminal prosecution. *Id.* Plaintiff claims that a Bank of Hawaii teller released her confidential financial information. *Id.* at 14.

The court informed Plaintiff that private parties may be sued under § 1983 only if their conduct is "fairly attributable to the State" and there was an agreement between the state and the private party to deprive a plaintiff's constitutional rights. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-37 (1982); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citations omitted). Plaintiff was told that she must allege sufficient facts to show that these Defendants conspired with or wilfully participated in a joint action with state officials to deprive the plaintiff of his or her constitutional rights. *Degrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)); *Taylor*, 880 F.2d at 1048.

Plaintiff again fails to allege facts showing that

10

Hogan, Wirngerter, Arnise, Alcain, and Bank of Hawaii acted under color of state law. Plaintiff does not allege a conspiracy between any of these Defendants and any state employee. Plaintiff sets forth no facts showing that they acted in concert with any state actor to deprive her of a constitutionally protected right. Plaintiff fails to state a claim against them under § 1983. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003); *see also Price v. Hawaii*, 939 F.2d 702, 709 (9th Cir. 1991) (finding that the dismissal of the private appellees was proper "since there was no sufficient pleading that the private appellees were acting under color of state law").

Moreover, even if they acted under color of state law, Plaintiff's claims against Hogan, Wingerter, Arnise, Alcain, and Bank of Hawaii are insufficient to state a constitutional violation under § 1983. Defendants Hogan, Wirngerter, Arnise, Alcain, and Bank of Hawaii are DISMISSED with prejudice.

**D. Prosecutorial Immunity: Jenkins and Tate**

Plaintiff's claims against Jenkins and Tate are also subject to absolute prosecutorial immunity. Plaintiff states that Jenkins was the prosecutor during her 2004 criminal conviction and Tate was the prosecutor during her August 2011, probation revocation hearing. *See* FAC, ECF #11 at 16, 22, 24, 25. Plaintiff claims that Jenkins and Tate accused her of lying, mentally and verbally abused her, withheld unidentified evidence

11

in her case, and were generally "corrupt."  *See generally, id.*

Prosecutors are absolutely immune from damages liability pursuant to § 1983 for actions taken in their role as a prosecutor.  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity is based on "the nature of the function performed, not the identity of the actor who performed it." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (internal quotation marks and citation omitted).  "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for State, are entitled to the protections of absolute immunity."  *Id.* (internal quotation marks and citations omitted).  On the other hand, "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer," the prosecutor is entitled to only qualified immunity.  *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Jenkins and Tate's actions, remarks, alleged bias and perjury, are alleged to have occurred during or in preparation for Plaintiff's 2004 criminal trial (Jenkins), or her 2011 revocation proceedings (Tate), and are protected by absolute prosecutorial immunity.  Moreover, Plaintiff's claims against Jenkins and Tate are simply conclusory allegations unsupported by fact.  Nor do Plaintiff's claims of verbal abuse and harassment state a constitutional violation. *See Oltarzewski v. Ruggiero*,

12

830 F.2d 136, 139 (9th Cir. 1987). Plaintiff's claims against Jenkins and Tate are DISMISSED with prejudice.

**E.    Heck v. Humphrey: Claims Against Tate and Patricio**

Plaintiff alleges that Defendants Tate and Patricio acted unprofessionally and mentally abused her during her probation revocation proceedings in state CR No. 2PC04-1-00087.[3] Plaintiff claims this violated her rights to due process. *See* FAC, ECF #11 at 16, 22, 25. First, Plaintiff's claims, seeking damages against Tate and Patricio relating to her probation revocation, are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

"[T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* 512 U.S. at 486-87.

Any determination that Tate or Patricio denied Plaintiff due process at her probation revocation proceedings would call into question Plaintiff's continuing incarceration.

_____

[3] *See* Hawai'i State Judiciary's Public Access to Court Information, at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/.

Plaintiff's sentence has not been reversed, expunged, declared invalid, or otherwise set aside. Rather, Plaintiff's attorney is challenging the revocation of her probation.

Second, Plaintiff's claims that Tate and Patricio acted unprofessionally, verbally harassed her, and gave inaccurate testimony at her probation revocation hearing do not arise to the level of a constitutional violation. *See Oltarzewski*, 830 F.2d at 139; *see also Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (a deprivation of "peace of mind" does not support a constitutional claim). Plaintiff's claims against Tate and Patricio are DISMISSED as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and as failing to state a claim.

## F. Claims Against ACO Taka

Plaintiff claims that ACO Taka failed to protect her when her cell mate threatened her on September 2, 2011. FAC, ECF #11 at 15. Plaintiff explains that she told Taka about the threat, Taka spoke with the other inmate and told her to stop making threats, but did not remove Plaintiff from the cell. Plaintiff says that her cell mate continued to threaten her. Later that evening, Plaintiff told a WCCC Sargent about the continuing threats, who then removed Plaintiff from the cell. These facts are insufficient to conclude that Taka violated Plaintiff's constitutional rights.

"[P]rison officials have a duty . . . to protect

prisoners from violence at the hands of other prisoners," and prison officials violate an inmate's Eighth Amendment rights when they exhibits deliberate indifference to the inmates safety. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). A prison official violates the Eighth Amendment, however, only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to the prisoner's safety. *Id.* at 834.

To show that a prison official is liable for failure to prevent harm, a prisoner must show: (1) that he was incarcerated under conditions posing a substantial risk of serious harm, *id.*; and (2) that the prison official knew of and disregarded such a risk, *id.* at 837. The prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* He need not "believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before [he] is obligated to take steps to prevent such an assault." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir.1986). But he must have more than a "mere suspicion" that an attack will occur. *Id.*

Showing that the prison official knew of a substantial risk of serious harm is not enough without showing indifference

15

by that official.  A prison official "who actually knew of a substantial risk to inmate health or safety may be found free from liability if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. A prison official's duty under the Eighth Amendment is to ensure "reasonable safety," a standard that incorporates due regard for prison officials' "unenviable task of keeping dangerous men in safe custody under humane conditions." *Id.* at 844–45 (citations and internal quotation marks omitted).  "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Id.* at 845.

Plaintiff's conclusory allegations do not show that Taka acted with deliberate indifference.  Taka spoke to Plaintiff's cell mate and told her to stop making threats. Plaintiff says the threats continued, and she therefore reported the threats to another guard later that same day.  Plaintiff does not say that she was later attacked, she simply says her cell mate's verbal harassment continued.  Taka's actions appear to have been a reasonable first step in resolving the alleged conflict between Plaintiff and her cell mate.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory allegations," are insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949.  Plaintiff was given leave to allege

16

sufficient facts to state a claim against Taka and has not done
so.  Claims against Taka are therefore DISMISSED with prejudice
for failure to state a claim.

**G.  Claims Against Iwamoto-Dias**

Plaintiff alleges that Dias mishandled money deposited
in her WCCC prison trust account.  *See* ECF #11, FAC at 11, 18.
Plaintiff first complains that Dias deducted funds from her
prison trust account to pay for Plaintiff's past filing fee
balance to the court for her previous actions, then alleges that
Dias stole her money.  Plaintiff says she's spoken to the WCCC
Warden about this, and has filed a police report.

As explained to Plaintiff in the January 31, 2012
Dismissal Order, if she is complaining that Dias is taking her
funds to reimburse her court fees, she fails to state a claim.
Dias's withdrawals are authorized by statute, *see* 28 U.S.C.
§ 1915 (a-b), and Plaintiff consented to these deductions when
she sought *in forma pauperis* status in 1:09-cv-00195 and on
appeal.  Plaintiff has not been overcharged or overpaid her court
filing fees.  To date, Plaintiff has paid only $266.85 in 1:09-
cv-00195, towards her civil filing fee of $350 and her appellate
filing fee of $455.  Plaintiff has paid nothing for her other two
actions, or as yet, for this action.  *See* 1:09-cv-00195, ECF #71.

Second, as noted previously explained to Plaintiff,
neither the negligent nor intentional deprivation of property

17

states a due process claim under § 1983, if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (finding no claim under § 1983 where state employee negligently lost prisoner's property), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson*, 468 at 533 (finding no claim under § 1983 for intentional destruction of prisoner's property). Because the state expressly waives its immunity for its employees' torts, *see* Haw. Rev. Stat. § 662-2 § 662-2, Hawaii law provides Plaintiff an adequate post-deprivation remedy, and in fact, Plaintiff admits that she has filed a complaint with the police.

Plaintiff fails to state a claim for the violation of a federal constitutional right regarding Dias's alleged mishandling or theft of Plaintiff's funds. Plaintiff's claims against Dias are DISMISSED with prejudice.

## H. Claims Against Dr. Morrison

### 1. Denial of Medical Care

Plaintiff claims that she had three "slip and falls with injuries" while incarcerated at HCCC for three months in 2011. *Id.* Plaintiff alleges that Dr. Morrison failed to provide her with adequate medical care when he "refused to send [her] for x-rays or [to] outside doctors." ECF #11, FAC at 10. Plaintiff alleges that, because Dr. Morrison failed to provide her with adequate medical care, she has three "bulging discs into nerve

18

roots, now requiring surgery[.]" *Id.*

A prisoner asserting a § 1983 claim for denial of medical care must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*). Deliberate indifference requires that defendants purposefully ignore or fail to respond to the prisoner's pain or medical need. *McGuckin*, 974 F.2d at 1060. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison physicians provide medical care." Id. at 1059.

Plaintiff alleges that Dr. Morrison denied her necessary x-rays or medical care, resulting in further injury and pain. Plaintiff states a claim against Dr. Morrison and it may proceed.

### 2. *Discrimination*

Plaintiff also alleges that Dr. Morrison discriminated against her, as a veteran, when he allegedly stated, "All veterans are on welfare, [who] live off the taxpayers, [and] don't deserve medical care, go out and get a job like everyone

19

else." *Id.* at 17.  The court again construes this as Plaintiff's attempt to assert a claim under the Fourteenth Amendment.

With respect to any substantive due process claim Plaintiff asserts, that claim is redundant of her Eighth Amendment claim against Dr. Morrison.  *See Graham v. Connor*, 490 U.S. 386, 395(1989) (providing that when there is an "explicit textual source" of constitutional protection available, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing" such claims); *see also Whitley v. Albers*, 475 U.S. 312, 327 (1986) ("[T]he Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners").  Plaintiff sets forth no facts suggesting that she was denied procedural due process.

To the extent that Plaintiff is asserting an equal protection claim, Plaintiff's vague and conclusory allegations are insufficient.  Plaintiff, as a veteran, is not part of a suspect class.  *See Disabled American Veterans v. United States Department of Veterans Affairs*, 962 F.2d 136, 142 (2d Cir. 1992).  She must, therefore, allege that she was treated differently than persons who were similarly situated.  *See City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  Plaintiff does not allege that any similarly situated prisoner was treated differently by Dr. Morrison, because that prisoner

was not a veteran.  As such, Plaintiff's allegations are insufficient to state a cognizable Equal Protection Clause claim.

Moreover, Plaintiff's discrimination claim against Dr. Morrison is the quintessential "unadorned, the-defendant-unlawfully- harmed-me accusation[,]" that the Supreme Court held insufficient to state a claim.  *See Iqbal*, 129 S. Ct. at 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  Plaintiff's discrimination claim against Dr. Morrison is DISMISSED.

## IV.  <u>CONCLUSION</u>

(1)  Plaintiff's first amended complaint is DISMISSED. Specifically:

(2)  Plaintiff's claims against Defendants Iwamoto Dias, Hogan, Wirngerter, Arnise, Alcain, Bank of Hawaii, Waikiki, Taka, Tate, and Jenkins are DISMISSED WITH PREJUDICE.

(3)  Plaintiff's claims against Defendant Patricio are DISMISSED without prejudice to refiling **in a separate action after** her revocation of probation has been reversed, expunged, declared invalid, or otherwise set aside as having been improperly revoked, **and** she can cure her insufficient allegations of fact.

(4) Plaintiff's claims against Defendant Dr. Morrison, are DISMISSED without prejudice.  Plaintiff may reallege her claims

against Dr. Morrison in a second amended complaint that complies with the court's instructions herein.

(5) Plaintiff may file a proposed second amended complaint on or before **April 12, 2012**, curing the specific deficiencies noted above.

(6) Any proposed second amended complaint must clearly designate that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on court-approved forms and may not incorporate any part of the original Complaint by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992). Any cause of action that was raised in the original complaint is waived if it is not raised in an amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

(7) The Clerk of Court is DIRECTED to forward a copy of the court's approved prisoner civil rights complaint and instructions to Plaintiff so that she may comply with this Order.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII,



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tomel v. State of Hawaii, et al.*, Civ No. 12-00047 LEK/BMK; DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915; psas/Screening/dmp 2012/Tomel 12-47 (dsm FAC lv amd)

22