IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLENE LOUISE TOMEL, #A4017655, | ) ) ) | 1:12-cv-00047 LEK/BMK |
| Plaintiff, | ) ) ) | DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915 |
| vs. | ) ) | |
| STATE OF HAWAII, et al., | ) ) | |
| Defendants. | ) ) | |

### DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915

Before the court is Plaintiff's second amended complaint ("SAC").[1]  For the following reasons, Plaintiff's SAC is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915A(b).  Plaintiff is again given leave to amend, as discussed and limited below.

### I. BACKGROUND

The SAC is as disjointed and confusing as were the original Complaint and FAC.  The SAC now names fifteen Defendants, including: (1) the State of Hawaii; (2) the Women's Community Correctional Center ("WCCC"); (3) the Hawaii Community Correctional Center ("HCCC"); (4) WCCC Captain Evans; (5) WCCC adult correctional officer ("ACO") Taka; (6) WCCC Sergeant Fink; (7) HCCC ACO John Waikiki; (8) Royal Lahaina Resort employee Frank Arnise Jr.; (9) Andres Alcain (Arnise's uncle); (10) Deputy

---

[1] The court dismissed Plaintiff's original Complaint on January 31, 2012, and the first amended complaint ("FAC") on March 12, 2012.  ECF #8 & #15.

Prosecutor Kevin Jenkins; (11) Deputy Prosecutor Timothy Tate; (12) probation officer Katherine Patricio; (13) Glen Morrison, M.D.; (14) WCCC ACO Torres; and (15) WCCC Lieutenant Palgherrin (collectively "Defendants").

Plaintiff generally alleges that, since approximately 2004 until the present,[2] Defendants violated her rights under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Plaintiff alleges seventeen counts, many asserting claims and defendants that were dismissed in the court's previous orders.  Plaintiff seeks $50,000,000 in damages.

## II. LEGAL STANDARD

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity and dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory.  *Balistreri*

---

[2] The FAC and original Complaint identified some of Plaintiff's claims as occurring as early as 2002, the SAC omits this information.

*v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff

must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.   Federal Rules Of Civil Procedure 8, 18 and 20**

The SAC again asserts unrelated claims against unrelated defendants, based on separate and unconnected factual scenarios, allegedly occurring at different times and places. For example, Plaintiff asserts claims against Deputy Prosecutor Jenkins challenging her conviction on Maui in 2004, and against Deputy Prosecutor Tate and her probation officer, Patricio, relating to her 2011 probation revocation proceedings.  *See* ECF #20 at 17-18, 25.[3]  Plaintiff alleges that an unknown woman stole her identity and that she was raped by Defendants Arnise and Alcain several years ago.  *Id.* at 16, 21.  Plaintiff challenges the conditions of her confinement while she was incarcerated at HCCC in 2009-2011, and since her incarceration at WCCC since then, including new claims that apparently occurred *after* she filed this action.  *Id.* at 12-15, 19-20, 22-24, 26-28.  These claims and Defendants are completely unrelated to each other.

The court has notified Plaintiff numerous times in this action and in her previous actions that she may not join

---

[3] To avoid confusion, the court refers to the electronic CM/ECF pagination when referring to any document.

unrelated claims against unrelated defendants. *See Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir. 1993); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a). Plaintiff was also told that she may assert claims against multiple defendants only if these claims arise out of the same transaction or occurrence, or series of transactions and occurrences, and there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). The SAC does not conform with Rules 18 and 20, and its claims cannot proceed in a single action.

   Additionally, the SAC still fails to provide a "short and plain statement of [Plaintiff's claims] showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). As with the original Complaint and FAC, the factual elements of Plaintiff's claims are scattered throughout the SAC and are repeated in several counts. This requires the court to piece Plaintiff's claims together and cherry pick her facts to guess at Plaintiff's intent. This type of pleading is unacceptable and subject to dismissal. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988) (dismissing a disorganized complaint with its factual elements haphazardly strewn throughout for failing to comply with Rule 8).

The SAC also fails to plainly show how each Defendant violated Plaintiff's constitutional rights, or that she is entitled to relief.  Plaintiff *still* fails to explain how Defendants Arnise and Alcain acted under color of state law when they allegedly raped her or how this violated her rights under the laws or treaties of the United States.  Plaintiff does not explain why many of her claims are not time-barred, although the court notified her of this defect.  She does not explain why the State of Hawaii and Defendants Tate and Jenkins are not entitled to immunity.  In short, Plaintiff's SAC again fails to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombley, 550 U.S. 544*, 570 (2007).  The SAC is DISMISSED for failure to comply with the Federal Rules of Civil Procedure.

**B.   Claims And Defendants Previously Dismissed Remain Dismissed**

The court dismissed Plaintiff's claims against Defendants **Waikiki, Jenkins, Arnise, Tate, Alcain, the State of Hawaii, WCCC, HCCC, and Taka**, and claims for damages against all Defendants in their official capacities, with prejudice in two carefully detailed orders that dismissed her original Complaint and FAC.  *See* Ord., ECF #8, at 12, 21; Ord., ECF #15 at 9, 11, 13, 17.  These claims and Defendants remain DISMISSED WITH PREJUDICE.

The court also dismissed Plaintiff's claims against Defendant Patricio as barred under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), and for failure to state a claim. *See* ECF #15 at 14. Although these claims were dismissed without prejudice to Plaintiff's raising them in another action *after* her conviction and/or sentence has been reversed, Plaintiff was explicitly notified that she may not reassert these claims until this has occurred. Claims against Patricio remain DISMISSED with prejudice.

The court also dismissed Plaintiff's due process and equal protection claims regarding Dr. Morrison's allegedly discriminatory statements concerning her status as a veteran. *Id.* at 21. The SAC provides no additional facts supporting an equal protection claim against Dr. Morrison; Plaintiff identifies no similarly situated inmates who were treated differently than she. As such, Plaintiff fails to demonstrate any reason why these claims should be reinstated and they are DISMISSED with prejudice.

**C.   Plaintiff's Remaining Claims: Defendants Evans, Fink, Palgherrin, Torres**

Plaintiff broadly asserts new claims that Defendants Evans, Palgherrin, Fink, and Torres failed to protect her from other inmates verbal abuse and racial epithets, retaliated against her, denied her access to the law library, discriminated against her by verbally abusing her themselves, and denied her

7

religious freedom. She also alleges that the WCCC Medical Department denied her adequate medical care.

### 1. *Verbal Abuse*

Plaintiff is a protective custody inmate who is housed alone in a single-inmate cell located in WCCC's "close custody" prison module. *See* SAC, ECF #20 at 12. Plaintiff complains that inmates with mental illness and a history of violence are also housed in this prison module and that these inmates sometimes call her names and threaten her when she is in the shower or out of her cell. She claims that Captain Evans violated the constitution and prison policies and procedures by failing to house her in a prison module for protective custody inmates only. Plaintiff also claims that ACO Torres and other inmates "discriminated" against her when they allegedly called her "haole" and "white girl," and made other racist comments. SAC at 23, 26.

First, Plaintiff's claims that Torres, Fink, and other inmates violated the Eighth and Fourteenth Amendments by verbally abusing, harassing, or threatening her fail to state a plausible claim for relief because verbal harassment and threats do not violate the constitution and do not give rise to a claim for relief under § 1983. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 138 (9th Cir. 1987) (harassment); *Gaut v. Sunn*, 810 F.2d 923, 925

(9th Cir. 1987) (threats); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983).

Second, Plaintiff's claim that Captain Evans violated her rights by housing her in a single-inmate cell where she may at times be exposed to inmates with violent histories who sometimes threaten her fails to state a claim. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse from other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." *Id.* at 834. To state an Eighth Amendment violation, a plaintiff must show: (1) the deprivation alleged is "objectively, sufficiently serious" and (2) the prison officials had a "sufficiently culpable state of mind," acting with deliberate indifference. *Id.* at 834; *see Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995). Plaintiff admits that she is in protective custody in a single-inmate cell, she does not say she has been assaulted by another inmate, or that Evans has reason to believe that she will be assaulted and has failed to take steps to protect her.

Claims against Evans, Torres, and Fink relating to verbal abuse, and the alleged failure to protect her from other inmates' racist remarks and threats fail to state a claim and are

9

DISMISSED. Because amendment is futile, this dismissal is without leave to amend.

### 2.  *Denial of Access to the Courts*

Plaintiff complains that Captain Evans and Lieutenant Palgherrin have ignored her letters and informal requests to attend the law library at WCCC since November 4, 2011. SAC at 20, 22. She claims this forced her to seek an extension of time to file the SAC. The court construes this as asserting the denial of access to the courts.

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). That right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351. In other words, a claim for deprivation of the constitutional right of access to the courts must allege both the underlying cause of action, whether that action is merely

anticipated or already lost, and the official acts that frustrated the litigation. *Harbury*, 536 U.S. at 415-16.

Plaintiff's request for an extension of time to file the SAC did not allege misconduct by these Defendants that prevented her from attending the law library. *See* Pl. Req. for Extension, ECF #18. Rather, Plaintiff requested a 120 day extension of time because the WCCC law library was often closed due to budget cuts, she was soon to be released, and that she intended to seek help from a private attorney. Plaintiff's request was granted and her action has not been adversely impacted in any manner. ECF #19.

Plaintiff fails to identify any actual injury she suffered with respect to a direct criminal appeal, a habeas petition, or a non-frivolous civil rights suit due to Evans' or Palgherrin's alleged denial of her requests to attend the WCCC law library. *See Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 351, 354. Nor can Plaintiff claim any actual injury to her ability to initiate or prosecute this action. *See Silva v. DiVittorio*, 658 F.3d 1090, 1101-04 (9th Cir. 2011). Claims against Evans and Palgherrin for the denial of access to the WCCC law library fail to state a claim and are DISMISSED. Because amendment is futile, this dismissal is without leave to amend.

### 3. *Retaliation Claims*

Plaintiff vaguely claims that ACO Fink retaliated

against her after an incident that allegedly occurred on June 9, 2012, six months after she filed this action.[4] SAC at 13. She also says that ACO Torres retaliated against her after she filed a grievance alleging discrimination and racism at the prison. *Id.* She provides no further details relating to these claims.

A prisoner must set forth five essential elements to state a viable claim for retaliation. See *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005).

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

408 F.3d at 567-68. *See also Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (applying *Rhodes* test); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (*per curiam*).

Plaintiff's retaliation claims are the quintessential "unadorned, the-defendant-unlawfully-harmed-me accusation[,]" that the Supreme Court has held are insufficient to state a claim. *See Iqbal*, 129 S. Ct. at 1949 (2009). Plaintiff provides no facts explaining what protected conduct she engaged in or what adverse action Fink took against her in retaliation, on or about June 9, 2012. Similarly, Plaintiff provides nothing explaining

---

[4] The court presumes that this claim has been exhausted before Plaintiff filed the SAC, or it is subject to dismissal for failure to exhaust. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005-06 (9th Cir. 2010).

what adverse action Torres took in retaliation for her filing a grievance regarding racism at the prison. Plaintiff's bare allegations that Fink and Torres retaliated against her are insufficient to state a claim and are DISMISSED without prejudice.

### 4. *Denial of Adequate Medical Care*[5]

Plaintiff alleges that unnamed people at the WCCC Medical Unit prescribed her Viseral that she is allergic to, and that it took a month before the issue was resolved. SAC, ECF #20 at 24. She claims that she was given steroids despite her recorded allergy to this medication, and now has a rash, brown spots, and constant pain in her hips, legs, and lower back. *Id.*

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of

---

[5] In the FAC, Plaintiff alleged denial of medical care claims against Dr. Morrison that the court determined stated a claim and could proceed. Plaintiff fails to reallege those claims in the SAC, however.

pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096.

Medical malpractice or negligence is insufficient to establish a violation, however. *Toguchi*, 391 F.3d at 1060. Thus, mere negligence in diagnosing or treating a condition does not violate the Eighth Amendment. *Id.* at 1057. Also, an inadvertent failure to provide adequate medical care alone does not rise to the Eighth Amendment level. *Jett*, 429 F.3d at 1096. Nor does a difference in medical opinion, between two doctors or between the doctor and patient, amount to deliberate indifference. *Toguchi*, 391 F.3d at 1058.

First, the WCCC Medical Department is not a person subject to liability under § 1983. Plaintiff must name specific

individuals who are responsible for her claims and provide specific details regarding each individual's alleged involvement with her claims.

Second, to the extent that Plaintiff is attempting to allege claims against individuals employed at the WCCC Medical Department, her allegations are insufficient to state an Eighth Amendment claim for inadequate medical care. Plaintiff fails to allege facts showing that any WCCC medical staff knew that she was allergic to viseral and consciously disregarded a known risk by prescribing it to her despite with deliberate indifference to her health and safety. Plaintiff also suggests that, although it took a month, the WCCC medical team responded to her allergic reaction to this drug and resolved it within a month. These facts do not support a finding of deliberate indifference to her health and safety.

Plaintiff says that her medical chart reflects that she is allergic to steroids but they were nonetheless prescribed, resulting in a rash and brown spots. She also vaguely complains of diffuse pains in her legs and back, and alleges that "they will not help or send me to someone who can." ECF #20 at 24. These allegations are simply too conclusory and vague to state a claim for relief under the Eighth Amendment. Plaintiff does not allege any facts showing that anyone at the WCCC Medical Department acted with deliberate indifference by prescribing her

15

steroids or by failing to relieve her lower-extremity pain. To the contrary, her claims suggest negligence or medical malpractice rather than deliberate indifference to Plaintiff's health. These claims are DISMISSED without prejudice.

**D.    Leave to Amend**

The Second Amended Complaint is DISMISSED as discussed above. Plaintiff may file a proposed third amended complaint **on or before September 5, 2012.** The proposed third amended complaint must (1) cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of her federal constitutional or statutory rights, and (2) may not include claims dismissed by the present Order with prejudice. Plaintiff may not reassert claims or rename defendants that have been dismissed with prejudice.

The court will not refer to the original pleading to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and claims not realleged in an amended complaint are deemed waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**E.    28 U.S.C. § 1915(g)**

If Plaintiff fails to file an third amended complaint correcting the deficiencies identified in this Order, this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### IV.    CONCLUSION

(1) Plaintiff's second amended complaint, ECF #20, is DISMISSED.  Specifically: Plaintiff's claims against Defendants Arnise, Alcain, Waikiki, Taka, Tate, Jenkins, Patricio, Evans, and Palgherrin are DISMISSED WITH PREJUDICE.  Plaintiff's equal protection claims against Defendant Dr. Morrison, are also DISMISSED with prejudice.  Plaintiff may bring claims against Defendant Patricio **in a separate action after** the revocation of her probation has been reversed, expunged, declared invalid, or otherwise set aside as having been improperly revoked, **and** if she can cure

her insufficient allegations of fact.

(2)  Plaintiff's remaining claims against Defendants Torres, Fink, and employees of the WCCC Medical Unit are DISMISSED without prejudice.

(3) Plaintiff may file a third amended complaint on or before **September 5, 2012**, curing the specific deficiencies noted above.  Any amended complaint must clearly designate that it is the "Third Amended Complaint."  The third amended complaint must be retyped or rewritten in its entirety on court-approved forms and may not incorporate any part of the original Complaint by reference.  *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).

(4)  The Clerk is DIRECTED to forward a copy of the court's approved prisoner civil rights complaint and instructions to Plaintiff so that she may comply with this Order.

      IT IS SO ORDERED.

      DATED: HONOLULU, HAWAII, August 8, 2012.



      /S/ Leslie E. Kobayashi
      Leslie E. Kobayashi
      United States District Judge

*Tomel v. State of Hawaii, et al.*, Civ No. 12-00047 LEK/BMK; DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915; psas/Screening/dmp 2012/Tomel 12-47 (dsm SAC)