IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLENE LOUISE TOMEL, #A4017655, | ) ) ) | 1:12-cv-00047 LEK/BMK |
| Plaintiff, | ) ) ) | DISMISSAL OF ACTION PURSUANT TO 28 U.S.C. § 1915 |
| vs. | ) ) | |
| STATE OF HAWAII, et al., | ) ) | |
| Defendants. | ) ) | |

**DISMISSAL OF ACTION PURSUANT TO 28 U.S.C. § 1915**

On August 9, 2012, the court dismissed Plaintiff's second amended complaint ("SAC") for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915A(b).[1] ECF #22. Plaintiff was given leave to amend to cure the SAC's deficiencies on or before **September 5, 2012.**

On August 21, 2012, rather than file a third amended complaint, Plaintiff filed a notice of appeal. *See* Notice of Appeal, ECF #23. On September 6, 2012, the day after the third amended complaint was due, the court received a letter from Plaintiff explaining again that she had chosen to appeal and that she had sent the appellate filing fee directly to the Ninth Circuit Court of Appeals. *Id.* On September 20, 2012, Plaintiff sent a transcript designation and ordering form to the court, despite the fact that there have been no hearings conducted in

---

[1] The court dismissed Plaintiff's original Complaint on January 31, 2012, and the first amended complaint ("FAC") on March 12, 2012. ECF #8 & #15.

this proceeding and no transcripts produced.  ECF #29.

The Ninth Circuit has held that "a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because [she] does not choose to file an amended complaint.  A further district court determination must be obtained."  *WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*).  "Unless a plaintiff files in writing a notice of intent *not* to file an amended complaint, [a dismissal order with leave to amend] is not an appealable final decision."  *Lopez v. City of Needles*, 95 F.3d 20, 22 (9th Cir. 1996) (emphasis added).

Twenty-eight days have passed since Plaintiff's third amended complaint was due in this court.  Although she has given no notice as to her intent to file a third amended complaint, it is doubtful that Plaintiff can cure the deficiencies in her previous pleadings even if she did.  The fact that some of Plaintiff's claims were dismissed with prejudice and without leave to amend is of no consequence, because "leave to amend was granted as to others, and there was no Federal Rule of Civil Procedure 54(b) certification."  *WMX Tech.*, 104 F.3d at 1136 n.1.

This circuit has long "recognized an exception to the general rule that a valid notice of appeal divests the district court of jurisdiction over all but tangential matters," when the appeal is patently frivolous.  *Marks v. Clarke*, 102 F.3d 1012, 1018 n.8 (9th Cir. 1996) (citing *Chuman v. Wright*, 960 F.2d 104,

2

105 (9th Cir. 1992) ("frivolous or forfeited appeal does not automatically divest the district court of jurisdiction"). Plaintiff's interlocutory appeal is wholly without merit because an order dismissing a complaint with leave to amend is not a final appealable order and the appellate court lacks jurisdiction over her appeal.  Thus, despite Plaintiff's purported interlocutory appeal of the August 9, 2012 Order dismissing her SAC, this court retains jurisdiction over this action.

Accordingly, because Plaintiff failed to timely amend her pleadings in accordance with the August 9, 2012 Order, Plaintiff's action is DISMISSED with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff is NOTIFIED that this dismissal may later be counted as a strike pursuant to 28 U.S.C. § 1915(g).  The Clerk is DIRECTED to terminate this action.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, October 3, 2012.



　　　　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　United States District Judge

*Tomel v. State of Hawaii, et al.*, No. 1:12-cv-00047 LEK/BMK; DISMISSAL OF ACTION PURSUANT TO 28 U.S.C. § 1915; G:\docs\prose attys\Screening\DMP\2012\Tomel  12-47  lek (FINAL dsm no amd).wpd