IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARLENE LOUISE TOMEL, | ) | CIV. NO. 12-00047 LEK/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING SUPPLEMENTAL |
| | ) | BRIEFING |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DIRECTING SUPPLEMENTAL BRIEFING

Defendants Mildred Takahashi[1], Glenn Morrison, M.D., and Unknown Women's Community Correctional ("WCCC") Officials have moved for summary judgment asserting Plaintiff Darlene Tomel failed to exhaust available prison administrative remedies before she commenced this suit on or about January 12, 2012, when she filed her original Complaint.[2] *See* 42 U.S.C. § 1942e(a).

Defendants are ordered to file a supplemental memorandum discussing the import of *Rhodes v. Robinson*, 621 F.3d

---

[1] The court refers to "ACO Taka" as Mildred Takahashi, as identified by the Hawaii Department of Public Safety ("DPS").

[2] Although the court received and filed Plaintiff's pleadings on January 19, 2012, in the same envelope with the Complaint was a letter to the Clerk dated January 12, 2012. The court therefore accepts **January 12, 2012**, as the date this action was constructively filed under the prison mailbox rule. *See Houston v. Lack,* 487 U.S. 266, 271 (1988); *see also* Doc. Nos. 1, 4, 4-1.

1002 (9th Cir. 2010) and *Cano v. Taylor*, 739 F.3d 1214 (9th Cir. 2014), which addressed the operative date for exhaustion purposes when an amended complaint is filed in a prisoner actions. The Ninth U.S. Court of Appeals generally holds that exhaustion must occur prior to filing the original complaint. *See McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). The Ninth Circuit modified *McKinney's* holding as it applied to amended pleadings in *Rhodes* and *Cano*, however. *See Rhodes*, 621 F.3d at 1006; *Cano*, 739 F.3d at 1220. *Rhodes* holds that new claims asserted in an amended complaint, that occurred *after* the original complaint is filed, need only be exhausted before the amended complaint is filed. 621 F.3d at 1006. Expanding on this, *Cano* holds that even new claims that took place *before* the original complaint was filed are viable, as long as they are exhausted prior to filing the amended complaint. *See* 739 F.3d at 1220.

Defendants are directed to discuss *Rhodes'* and *Cano's* application to Plaintiff's exhaustion of remedies, in light of the Third Amended Complaint's filing on **May 21, 2014**. *See* Doc. No. 43. Defendants shall address any pertinent grievances Plaintiff submitted between January 12, 2012, when she filed the original complaint, and her release on parole on February 14, 2013, and provide such grievances and their responses, whether decided before or after Plaintiff's release. Defendants shall also provide legible copies of **each step** of any grievance

2

referred to in the Motion, concise statement of facts, or supplemental memorandum that includes the grievance's control number. Finally, Defendants shall submit a copy of Plaintiff's July 31, 2009, grievance against Dr. Morrison, which is quoted in Doc. No. 62-1, PageID #492, (Liu Aff.), or a copy of the document relied on and an explanation why the grievance is not available.

Plaintiff is NOTIFIED that her claims against Defendant Takahashi for allegedly failing to protect her from inmate Lisa Kursh's threats were dismissed with prejudice on March 12, 2012, for failure to state a claim. *See* Order, Doc. No. 15, PageID #176. The Ninth Circuit did not reverse that decision, and this claim remains dismissed. *See* Mem. Op, Doc. No. 36. Plaintiff is also NOTIFIED that, based on her July 31, 2009, grievance regarding Dr. Morrison's alleged denial of medical care, Doc. No. 62-1, PageID #492, (Liu Aff.), her claim against Dr. Morrison appears timebarred and the court is considering dismissing it as such.

## CONCLUSION

Defendants shall submit their supplemental memorandum addressing the issues discussed above on or before **May 15, 2015.** Plaintiff shall file her Opposition to Defendants' Motion for Summary Judgment on or before **June 12, 2015.** Plaintiff is reminded that the prison mailbox rule no longer applies to her filings because she has been released, and that she must comply

with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii when prosecuting this action. Defendants may file their Reply on or before **June 26, 2015.**

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, May 4, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tomel v. State of Hawaii, et al.*, 1:12-cv-00047 LEK/BMK; nondsp 2015 (supp. br.);
C:\Users\squon\AppData\Local\Temp\notesD65E3D\Tomel  12-47 LEK (supp.l br.).wpd